ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Aug. 10. 2007

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
ATLANTIC RECORDING CORP., et al.

                    Plaintiffs,

          -against-                      06 Civ. 3733 (DAB)
                                         ORDER

XM SATELLITE RADIO, INC.,

                    Defendant.
------------------------------------X
FAMOUS MUSIC, LLC, et al.

                    Plaintiffs,

          -against-                      07 Civ. 2385 (DAB)


XM SATELLITE RADIO, INC.,

                    Defendant.
------------------------------------X
NOTA MUSIC PUBLISHING, INC, et al.

                    Plaintiffs,

          -against-                      07 Civ. 4682 (DAB)


XM SATELLITE RADIO, INC.,

                    Defendant.
------------------------------------X
```

DEBORAH A. BATTS, United States District Judge.

Atlantic Recording Corp., et al. v. XM Satellite Radio, Inc., 06 Civ. 3733, was assigned to this Court on May 16, 2006. On January 19, 2007, this Court denied Defendant's Motion to Dismiss and Ordered them to Answer the Complaint.

On March 22, 2007, Famous Music, LLC, et al. v. XM Satellite Radio, Inc., 07 Civ. 2385 was assigned to me as related to the case above. While the Plaintiffs were music publishers and not

1

Returned to chambers for scanning on 8/14/07
Scanned by chambers on 8/15/07

record companies, as in the first case, their allegations against XM Satellite Radio, Inc. were, for all intents and purposes, the same. Likewise, Nota Music Publishing, Inc., et al. v. XM Satellite Radio, Inc., 07 Civ. 4682, was accepted by this Court as related on June 1, 2007. This last case sought class certification to represent music publishers.

Subsequently this Court became aware that a relative was involved in ongoing litigation which involved one of the Plaintiff music publishers in Famous Music, LLC, et al. v. XM Satellite Radio, Inc., 07 Civ. 2385, even though the publisher was not a party in that case. However, because of the possibility that the case could evolve into an adversarial position between the Court's relative and that music publisher company, to avoid even the appearance of impropriety, the Court has determined that it must recuse itself.

Because of judicial efficiency, and fairness to the parties, and the similarity of issues among the three cases, the Court accordingly recuses itself from all three cases and has forwarded them to the Reassignment Committee.

SO ORDERED.

Dated:   New York, New York
         August 10, 2007

_____
Deborah A. Batts
U.S.D.J.