UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
NOTA MUSIC PUBLISHING, INC., also :
d/b/a NOTA PUBLISHING, INC.; :
CARTAGENA ENTERPRISES, INC., also :
d/b/a CARTAGENA PUBLISHING; DAVID : 07 CV 4682 (LAK)
GRISMAN and CRAIG MILLER, :
individually and collectively, and d/b/a :
DAWG MUSIC, and also d/b/a ACOUSTIC :
DISC; HMS DISTRIBUTORS, INC., also :
d/b/a J&N RECORDS and d/b/a J&N : **ANSWER TO FIRST**
PUBLISHING; JVN MUSIC, INC., also d/b/a : **AMENDED COMPLAINT**
JVN RECORDS; THE MUSIC FORCE LLC, :
also d/b/a FULL FORCE MUSIC; THE : **CLASS ACTION**
MUSIC FORCE MEDIA GROUP, LLC; :
MUSICAL PRODUCTIONS, INC.; ON TOP :
RECORDS CORP., also d/b/a STILL ON :
TOP PUBLISHING and d/b/a REAL :
SMOOTH PUBLISHING; PLATANO :
RECORDS CORP.; RICO RECORDS :
DISTRIBUTING, INC.; individually and on :
behalf of all others similarly situated, :
:
                Plaintiffs, :
:
        v. :
:
XM SATELLITE RADIO INC., :
:
              Defendant. :
:
------------------------------------------------------------ X

Defendant XM Satellite Radio Inc. ("XM") responds to the Complaint as follows:

### ANSWER TO FIRST AMENDED COMPLAINT

1. Denies the allegations of ¶ 1.

2. Lacks knowledge or information sufficient to admit or deny the allegations of ¶ 2.

3. Denies the allegations of ¶ 3, except admits that XM currently makes public performances of over 170 channels of programming to over 7.5 million subscribers nationwide and its basic monthly subscription fee is $12.95.

4. Denies the allegations of ¶ 4.

5. States that ¶ 5 contains legal conclusions to which no response is required.

6. States that ¶ 6 contains legal conclusions to which no response is required. To the extent a response is required, XM denies the allegations of ¶ 6, except admits that XM is eligible for and uses a statutory license pursuant to § 114(d)(2)(A) and (B) of the Copyright Act and refers the Court to the Act for its terms and effect.

7. Denies the allegations of ¶ 7, except avers that the inno, the Helix and the neXus radio/receivers (together the "XM Portable Devices"), allow users to record XM satellite radio transmissions and store those recordings consistent with the Devices' capacity on the Devices so long as the user maintains a subscription to the XM satellite radio service.

8. Denies the allegations of ¶ 8.

9. Denies the allegations of ¶ 9 and refers the Court to XM's memoranda of law in support of its motion to dismiss and the decision in *Atlantic Recording Corp., et al v. XM Satellite Radio Inc.*, Case No. 06-CV-3733 (DAB) for their full and accurate contents.

10. Denies the allegations of ¶ 10.

11. Denies the allegations of ¶ 11.

12. Denies the allegations of ¶ 12, except admits that on February 19, 2007, XM announced that it had entered into a merger agreement with SIRIUS Satellite Radio and refers the Court to the website referenced in ¶ 12 for its full and accurate contents.

13. Denies the allegations of ¶ 13.

14. Denies the allegations of ¶ 14.

15. Lacks knowledge or information sufficient to admit or deny the allegations in ¶¶ 15-26.

16. Denies the allegations of ¶ 27, excepts admits that plaintiffs have attached certain exhibits to their complaint.

17. Admits the allegations of ¶ 28.

18. States that ¶¶ 29-32 contain legal conclusions to which no response is required.

19. States that ¶ 33 contains plaintiffs' characterization of a putative class to which no response is required, but to the extent that a response is required, denies the allegations of ¶ 33.

20. Denies the allegations of ¶¶ 34-40, except states that it lacks knowledge or information sufficient to admit or deny the allegations of ¶ 37.

21. Admits the allegations of ¶ 41, except denies that XM has channels named "Top 20 on 20" or "Alegria."

22. Denies the allegations of ¶ 42, except admits that monthly subscription fees are XM's primary source of revenue, that XM had approximately 28,000 subscribers in 2001 and currently has over 7.7 million subscribers and that XM had approximately $92 million of revenue in 2003, $244 million in 2004, $558 million in 2005 and $933 million in 2006.

23. Denies the allegations of ¶ 43, except admits that the XM Portable Devices are radio/receivers, that they allow users to record XM satellite radio transmissions, and that they allow users to store content recorded from XM transmissions as well as MP3 or WMA music files.

24. Denies the allegations of ¶ 44, except admits that songs that users record have data associated with them, including song title and artist, which is displayed on the XM Portable Device, that users may, if they choose, use this data to organize recorded songs according to their preferences, and avers that the maximum amount of recorded content that

3

users may store on XM Portable Devices varies from device to device and by the nature of the content stored.

25. Denies the allegations of ¶ 45, except admits that the majority of XM's satellite radio transmissions are encrypted, that all XM satellite radio transmissions can only be received by an XM radio/receiver and that XM radio/receivers must be activated by XM and can be deactivated by XM.

26. Denies the allegations of ¶ 46, except admits that XM has the technical ability to mark its transmissions such that they cannot be recorded on the inno and that the software as currently configured allows the recordings of XM transmissions made by an inno owner to remain accessible to the inno owner only so long as he or she remains an XM subscriber.

27. Denies the allegations of ¶ 47, and refers the Court to the user guides referenced in ¶ 47 for their full and accurate contents.

28. Denies the allegations of ¶ 48, except admits that XM lawfully maintains certain copies of sound recordings on its servers to facilitate transmission of XM programming to subscribers.

29. Denies the allegations of ¶ 49.

30. Denies the allegations of ¶ 50, except admits that XM filed a Form 10-K for 2006 and refers the Court to the Form 10-K for its full and accurate contents.

31. Denies the allegations of ¶ 51 and refers the Court to the website referenced in ¶ 51 for its full and accurate contents.

32. Denies the allegations of ¶ 52.

33. Denies the allegations of ¶ 53, except admits that when an XM Portable Device user tunes the Device to a channel, it causes the Device to begin buffering the channel to which

the user is tuned for a short period of time and that this lawful functionality facilitates the users' ability to record XM's satellite radio transmissions.

34. Denies the allegations of ¶ 54, except admits that the inno has a "TuneSelect" feature which allows the inno owner to indicate that he or she would like to be notified when certain artists or songs are playing on other XM channels, but avers that TuneSelect does not permit an inno user to record any portion of a song that was being performed before the user manually switched to the channel identified by TuneSelect and pressed the record button.

35. Denies the allegations of ¶ 55, except admits that the inno allows users to record programming for a set period of time without listening to it simultaneously so long as the inno remains tuned to the channel being recorded, that recorded songs have data associated with them, including song title and artist, which is displayed on the inno, and that users may, if they choose, use this data to decide whether to delete or retain recorded songs according to their preferences.

36. Denies the allegations of ¶ 56, except admits that an inno user may combine songs he or she has recorded from live XM satellite radio broadcasts with MP3 or WMA files which the user previously transferred to the inno from the user's PC.

37. Denies the allegations of ¶ 57.

38. Denies the allegations of ¶ 58.

## COUNT I

39. In response to ¶ 59, incorporates by reference all of the answers to the allegations of the Complaint as if fully restated herein.

40. Denies the allegations of ¶¶ 60-66.

## COUNT II

41. In response to ¶ 67, incorporates by reference all of the answers to the allegations of the Complaint as if fully restated herein.

42. Denies the allegations of ¶¶ 68-73.

## COUNT III

43. In response to ¶ 74, incorporates by reference all of the answers to the allegations of the Complaint as if fully restated herein.

44. Denies the allegations of ¶¶ 75-80.

## COUNT IV

45. In response to ¶ 81, incorporates by reference all of the answers to the allegations of the Complaint as if fully restated herein.

46. Denies the allegations of ¶¶ 82-88.

## COUNT V

47. In response to ¶ 89, incorporates by reference all of the answers to the allegations of the Complaint as if fully restated herein.

48. Denies the allegations of ¶¶ 90-100.

## COUNT VI

49. In response to ¶ 101, incorporates by reference all of the answers to the allegations of the Complaint as if fully restated herein.

50. Denies the allegations of ¶¶ 102-103.

51. Denies the allegations of ¶ 104, except admits that the inno has a feature that allows an inno owner to arrange the order in which he or she can listen to the songs that he or she has recorded from XM satellite radio programming.

52. Denies the allegations of ¶¶ 105-112.

## COUNT VII

53. In response to ¶ 113, incorporates by reference all of the answers to the allegations of the Complaint as if fully restated herein.

54. Denies the allegations of ¶ 114.

55. Denies the allegations of ¶ 115, except admits that XM reserves the right to terminate a subscriber's subscription for certain reasons and refers the Court to the XM Customer Agreement, available at http://www.xmradio.com/about/customer-service-agreement.xmc, for its full and accurate contents.

56. Denies the allegations of ¶ 116.

57. Denies the allegations of ¶ 117, except admits that XM has the technical ability to mark its transmissions of songs such that they cannot be recorded on the XM Portable Devices.

58. Denies the allegations of ¶¶ 118-124.

## COUNT VIII

59. In response to ¶ 125, incorporates by reference all of the answers to the allegations of the Complaint as if fully restated herein.

60. States that ¶ 126 contains legal conclusions to which no response is required.

61. Denies the allegations of ¶ 127-129.

## COUNT IX

62. In response to ¶ 130, incorporates by reference all of the answers to the allegations of the Complaint as if fully restated herein.

63. Lacks knowledge or information sufficient to admit or deny the allegations of ¶ 131.

64. Denies the allegations of ¶ 132.

## DEMAND FOR JURY

65. States that no response is required to the demand in ¶ 133.

## FIRST AFFIRMATIVE DEFENSE

66. The complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

67. Plaintiffs' claims are barred by the Audio Home Recording Act, 17 U.S.C. § 1001 et seq.

## THIRD AFFIRMATIVE DEFENSE

68. Defendant's conduct constitutes fair use.

## FOURTH AFFIRMATIVE DEFENSE

69. Plaintiffs' claims are barred by the doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE

70. Plaintiffs' claims are barred by the doctrines of waiver and acquiescence.

## SIXTH AFFIRMATIVE DEFENSE

71. Plaintiffs' claims are barred by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

72. Plaintiffs' claims are barred because XM's conduct is authorized pursuant to an express and/or implied license.

## EIGHTH AFFIRMATIVE DEFENSE

73. The statutory damages sought by plaintiffs are unconstitutionally excessive and disproportionate to any actual damages that may have been sustained.

## NINTH AFFIRMATIVE DEFENSE

74. Plaintiffs' claims based on secondary liability are barred because the conduct of XM Portable Device users is a fair use.

## TENTH AFFIRMATIVE DEFENSE

75. Plaintiffs' claims based on secondary liability are barred because XM Portable Devices are capable of substantial noninfringing uses.

Dated: New York, New York
       November 15, 2007

        COOLEY GODWARD KRONISH LLP

        By: _____s/_____
        Celia Goldwag Barenholtz (CB 9126)
        Stephen A. Wieder (SW 1442)
        Shannon McKinnon (SM 9377)
        Benjamin H. Kleine (BK 1975)
        Jennifer K. Lerner (JL 5316)

        1114 Avenue of the Americas
        New York, New York 10036
        (212) 479–6000 (phone)
        (212) 479–6275 (fax)

        CONSTANTINE CANNON, P.C.
        Axel Bernabe (AB 6547)
        450 Lexington Avenue, 17th Floor
        New York, New York 10017
        (212) 350–2700 (phone)
        (212) 350–2701 (fax)

        Seth D. Greenstein (SG 8331) (admitted *pro hac vice*)
        Todd Anderson (TA 5619) (admitted *pro hac vice*)
        Amy Roth (AR 4534)
        1627 Eye Street, N.W.
        Washington, D.C. 20006
        (202) 204–3500 (phone)
        (202) 204–3501 (fax)

        *Attorneys for XM Satellite Radio Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
NOTA MUSIC PUBLISHING, INC., also
d/b/a NOTA PUBLISHING, INC.;
CARTAGENA ENTERPRISES, INC., also
d/b/a CARTAGENA PUBLISHING; DAVID          07 CV 4682 (LAK)
GRISMAN and CRAIG MILLER,
individually and collectively, and d/b/a
DAWG MUSIC, and also d/b/a ACOUSTIC
DISC; HMS DISTRIBUTORS, INC., also         **AFFIRMATION OF SERVICE**
d/b/a J&N RECORDS and d/b/a J&N
PUBLISHING; JVN MUSIC, INC., also d/b/a
JVN RECORDS; THE MUSIC FORCE LLC,
also d/b/a FULL FORCE MUSIC; THE
MUSIC FORCE MEDIA GROUP, LLC;
MUSICAL PRODUCTIONS, INC.; ON TOP
RECORDS CORP., also d/b/a STILL ON
TOP PUBLISHING and d/b/a REAL
SMOOTH PUBLISHING; PLATANO
RECORDS CORP.; RICO RECORDS
DISTRIBUTING, INC.; individually and on
behalf of all others similarly situated,

                Plaintiffs,

      v.

XM SATELLITE RADIO INC.,

                Defendant.

------------------------------------------------------------ X

Shannon S. McKinnon, under penalty of perjury, states:

    I am an attorney at Cooley Godward Kronish LLP and a member of the Bar of the State of New York. I represent defendant XM Satellite Radio Inc. in this matter.

    On the 15th day of November 2007, I caused to be served a true copy of the Answer to First Amended Complaint in the above-entitled action upon the following individuals by first class U.S. mail:

Christopher McGrath, Esq.
LOVELL STEWART HALEBAN LLP
500 Fifth Avenue, 58th Floor
New York, NY 10110
Tel: (212) 608-1900
Fax: (212) 719-4677

Jeffrey L Graubart, Esq.
LAW OFFICES OF JEFFREY L. GRAUBART
350 West Colorado Boulevard, Suite 200
Pasadena, CA 91105-1855
Tel: (626) 304-2800
Fax: (626) 304-2807

Steven J. D'Onofrio, Esq.
5335 Wisconsin Avenue, N.W. Suite 950
Washington, D.C. 20015
Tel: (202) 686-2872
Fax: (202) 686-2875

*Attorneys for Plaintiffs and the Proposed Class*

_____
Shannon S. McKinnon