UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

FAMOUS MUSIC LLC, BEECHWOOD MUSIC
CORP., COLGEMS-EMI MUSIC INC., EMI
APRIL MUSIC INC., EMI BLACKWOOD MUSIC
INC., EMI GOLD HORIZON MUSIC CORP., EMI
GOLDEN TORCH MUSIC CORP., EMI
INTERTRAX MUSIC INC., EMI SOSAHA
MUSIC INC., EMI JEMAXAL MUSIC INC., EMI
U CATALOG INC., EMI UNART CATALOG
INC., EMI VIRGIN MUSIC, INC., EMI VIRGIN
SONGS, INC., JOBETE MUSIC CO. INC.,
SCREEN GEMS-EMI MUSIC INC., WB MUSIC
CORP., WARNER-TAMERLANE PUBLISHING
CORP., UNICHAPPELL MUSIC, INC.,
SONY/ATV TUNES LLC, SONY/ATV TREE
PUBLISHING, SONY/ATV CROSS KEYS
PUBLISHING, SONY/ATV SONGS LLC,
SONY/ATV DISCOS MUSIC PUBLISHING LLC,
SONY/ATV MILENE MUSIC, SONY/ATV
ACUFF ROSE MUSIC, individually and on behalf
of all others similarly situated,

            Plaintiffs,

  v.

XM SATELLITE RADIO INC.,

            Defendant.

----------------------------------------------------------------

In re XM SATELLITE RADIO COPYRIGHT
LITIGATION

----------------------------------------------------------------x

Master Docket No. 06 Civ. 3733
(LAK)

**JOINDER TO MOTION FOR
ENTRY OF PROTECTIVE
ORDER SUBMITTED BY
PLAINTIFFS ATLANTIC
RECORDING CORPORATION,
ET AL.**

Plaintiffs Famous Music LLC, et al. (the "Famous Music Plaintiffs") join in the motion submitted by Plaintiffs Atlantic Recording Corporation, et al. (the "Atlantic Recording Plaintiffs") for entry of a protective order governing confidential information disclosed in this action. Pursuant to this Court's order dated September 25, 2007, consolidating this action with related actions against XM Satellite Radio, Inc. for the purposes of discovery and pre-trial proceedings, all Plaintiffs to these litigations have met and conferred jointly with counsel for Defendant XM in order to agree on uniform terms to include in the protective orders governing these actions. The Famous Music Plaintiffs thus request entry of the same protective order accompanying the Atlantic Recording Plaintiffs' motion, with one modification noted below, for the same reasons set forth in the Atlantic Recording Plaintiffs' motion.[1] A proposed protective order is attached as Exhibit 1 hereto.

The Famous Music Plaintiffs request that in-house counsel for the National Music Publishers' Association ("NMPA") be permitted access to confidential materials for the same reasons supporting the Atlantic Recording Plaintiffs' request that in-house counsel to the Recording Industry Association of America ("RIAA") have access to such materials. Similar to the RIAA's position vis-a-vis the recording industry, the NMPA is the preeminent trade association representing the interests of music publishers in the United States, including the

---

[1] We note that, unlike the Atlantic Recording Plaintiffs, not all in-house counsel for the Famous Music Plaintiffs and their parent corporations who are responsible for and necessary to this litigation perform primarily litigation-related duties. Although we believe the proposed protective order provides XM with sufficient protection of its confidential material, the Famous Music Plaintiffs are willing to undertake additional safeguards with respect to in-house counsel (which we submit should be undertaken by XM as well), including identifying such counsel by name and having such counsel refrain from working on any potential business matter related to XM (virtually no such matters have arisen in the past) for a reasonable period of time.

1

Famous Music Plaintiffs. For decades, the NMPA's mission has been to protect, promote and advance the interests of the creators and owners of copyrighted musical works. NMPA is the voice of both small and large music publishers and has long protected their interests, including before the courts. In this role, in-house counsel for the NMPA work closely with the Famous Music Plaintiffs and outside counsel in this litigation, as they have done in numerous similar suits brought by music publisher plaintiffs. The Famous Music Plaintiffs' prosecution of this lawsuit would be substantially hindered if in-house counsel for the NMPA are denied access to confidential materials. Accordingly, the Famous Music Plaintiffs request that in-house counsel for the NMPA be permitted access to confidential materials.

Dated: November 28, 2007

GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (OS-3122)
Cynthia S. Arato (CA-8350)
Tina Samanta (TS-4652)
Joshua I. Wilkenfeld (JW-2779)
200 Park Avenue, 47th Floor
New York, New York 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

Andrew Tulumello
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 955-8500
Facsimile: (202) 467-0539

Debra Wong Yang (admitted pro hac vice)
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

Attorneys for Plaintiffs
By:
    /s Cynthia S. Arato
CYNTHIA S. ARATO