# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
FAMOUS MUSIC LLC, BEECHWOOD MUSIC :
CORP., COLGEMS-EMI MUSIC INC., EMI :
APRIL MUSIC INC., EMI BLACKWOOD MUSIC :
INC., EMI GOLD HORIZON MUSIC CORP., EMI :
GOLDEN TORCH MUSIC CORP., EMI :
INTERTRAX MUSIC INC., EMI SOSAHA :
MUSIC INC., EMI JEMAXAL MUSIC INC., EMI :
U CATALOG INC., EMI UNART CATALOG :
INC., EMI VIRGIN MUSIC, INC., EMI VIRGIN :
SONGS, INC., JOBETE MUSIC CO. INC., :
SCREEN GEMS-EMI MUSIC INC., WB MUSIC :
CORP., WARNER-TAMERLANE PUBLISHING :
CORP., UNICHAPPELL MUSIC, INC., :
SONY/ATV TUNES LLC, SONY/ATV TREE :
PUBLISHING, SONY/ATV CROSS KEYS : Master Docket No. 06 Civ.
PUBLISHING, SONY/ATV SONGS LLC, : 3733 (LAK)
SONY/ATV DISCOS MUSIC PUBLISHING LLC, :
SONY/ATV MILENE MUSIC, SONY/ATV :
ACUFF ROSE MUSIC, individually and on behalf :
of all others similarly situated, :
          Plaintiffs, :
   v. :
XM SATELLITE RADIO INC., :
          Defendant. :
---------------------------------------------------------------:
In re XM SATELLITE RADIO COPYRIGHT :
LITIGATION :
---------------------------------------------------------------x

**PROPOSED STIPULATED PROTECTIVE ORDER**

The parties in the above-captioned case having requested that the Court issue a protective order pursuant to Fed. R. Civ. P. 26(c) to protect the confidentiality of non-public and competitively sensitive information that may need to be disclosed in connection with discovery in this case, and the parties having stipulated to entry of this Order, and the Court having found that good cause exists:

IT IS HEREBY ORDERED that this Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure be, and is hereby, entered.

1. This Protective Order shall be applicable to and govern all depositions, documents or electronically stored information produced in response to requests for production, answers to interrogatories, responses to requests for admission, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as other information hereafter furnished, directly or indirectly, by or on behalf of any party or non-party in connection with this action (collectively, "Discovery Materials") which that party or non-party in good faith believes comprise or reflect confidential and/or proprietary information used by it in, or pertaining to, its business, which is not generally known and which the party or non-party would normally not reveal to third parties or would cause third parties to maintain in confidence, including, without limitation, proprietary, commercially sensitive, or otherwise confidential financial, business, trade secret, research, development, technical, strategic, and/or personal information.[1]

2. Discovery Materials governed by this Protective Order shall be used by any recipients solely for the purpose of conducting this litigation, and such information shall not be disclosed to anyone except as provided herein.

3. Any information or materials produced by any party or non-party as part of discovery in this action may be designated as "Confidential" or "Highly Confidential" by such party or non-party pursuant to Paragraph 4 of this Protective Order.

   a. "Confidential Information" shall include any Discovery Material which the producing party or non-party reasonably believes not to be in the public domain and contains any proprietary, commercially sensitive, or otherwise confidential financial, business, trade secret, research, development, technical, strategic, and/or personal information.

---

[1] This Protective Order does not apply to hearings or trial before the District Court. The parties, any party in interest, and/or the witnesses, can move the Court to seal any court proceeding for reasons consistent with this Protective Order.

1

b. "Highly Confidential Information" shall include any Confidential Information which the producing party or non-party reasonably believes to be so sensitive that it is entitled to extraordinary protections.

4. The designation of information or material for purposes of this Protective Order shall be made in the following manner by the party or non-party seeking protection:

a. in the case of documents, electronically stored information, interrogatory responses, responses to requests for admission, or other material (apart from depositions): by affixing a plainly visible confidentiality designation legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as appropriate): (i) on each page of any document containing any confidential information or material; or (ii) physically on the outside of any media for storing electronic documents, at the time such documents are produced or such information is disclosed, or as soon thereafter as the party or non-party seeking protection becomes aware of the confidential nature of the information or material disclosed and sought to be protected hereunder. The terms "documents" and electronically stored information as used in this Protective Order, shall have the broadest meaning permissible under the Federal Rules of Civil Procedure and shall include, as relevant and without limitation, all "writings," "recordings" and "photographs" as defined in Rule 1001 of the Federal Rules of Evidence, and any information stored in or through any computer system or other electronic or optical data storage device.

b. In the case of depositions: (i) by a statement on the record, by counsel, during such deposition that the entire transcript or portion thereof shall be designated either "Confidential" or "Highly Confidential" hereunder; or (ii) by written notice of such designation sent by counsel to all parties within ten (10) court days after the mailing (via next business day delivery) to counsel of the transcript of the deposition. At or before a deposition, the deponent or his counsel, or any other counsel, acting in good faith, may invoke the provisions of this Protective Order in a timely manner, giving adequate warning to counsel for the party or non-party that testimony about to be given is deemed protected under this Protective Order. Whether or not so designated on the record at deposition, the parties shall treat all deposition testimony as "Confidential" under this Protective Order until the expiration of ten (10) court days after the mailing (via next business day delivery) to counsel of the transcript of the deposition. Unless specific designations of portions of a transcript have been made on the record during the proceeding, or in writing within ten (10) court days after the mailing (via next business day

2

delivery) to counsel of the transcript of the deposition, any confidentiality is waived after the expiration of the 10-day period unless otherwise stipulated or ordered. The parties may modify this procedure for any particular deposition through agreement on the record at such deposition or otherwise by written stipulation, without approval of the Court.

    c.    A party or non-party furnishing documents and things to another party shall have the option to require that all or batches of documents and things be treated as confidential during inspection and to make its designations of particular documents and things at the time copies of documents and things are produced or furnished.

    5.    "Confidential Information" may be disclosed, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

    a.    Outside counsel in this litigation and staff and supporting personnel of such attorneys, such as paralegals, secretaries, stenographic and clerical employees and contractors, and, to the extent necessary, outside copying, imaging, and trial consultants/presentation services, who are working on this litigation under the direction of such attorneys;

    b.    In-house counsel for the parties herein and their parent corporations, if any, who are necessary for the furtherance of this litigation and staff and supporting personnel of such attorneys;

    c.    Counsel employed in the litigation department of the National Music Publishers' Association ("NMPA") who are necessary for the furtherance of this litigation and staff and supporting personnel of such attorneys;

    d.    The parties to this litigation;

    e.    Subject to Paragraphs 8 and 9 herein, persons who are expressly retained or sought to be retained by a party or a party's counsel as consultants or testifying experts; provided that the disclosure of "Confidential" material to any persons under this subparagraph shall only be to the extent necessary to perform their work on this litigation.

    f.    Subject to Paragraph 9 herein, any other persons who are designated to receive material designated "Confidential" by order of this Court after notice to the parties, or by written stipulation of the parties.

    g.    Persons of whom testimony is to be taken during a deposition or other pretrial proceeding, insofar as such persons may be examined concerning any information or

material designated under this Protective Order which that person had lawfully received or authored prior to and apart from this action, or concerning information or material produced in discovery in this matter by the party on whose behalf the person is to testify. During examination, a witness may be shown information or material designated under this Protective Order by a party which appears on its face or from other documents or testimony to have been authored by the witness or received by the witness under circumstances that do not constitute a violation of the Protective Order, as well as information or material produced in discovery in this matter by the party on whose behalf the person is testifying.

       h.      The Court and Court personnel, court reporters, interpreters and videographers employed in connection with this action.

       6.      "Highly Confidential" Information may be disclosed, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

       a.      Outside counsel in this litigation and staff and supporting personnel of such attorneys, such as paralegals, secretaries, stenographic and clerical employees and contractors, and outside copying, imaging, and trial consultant/presentation services, who are working on this litigation under the direction of such attorneys;

       b.      In-house counsel for the parties herein who are necessary for the furtherance of this litigation and staff and supporting personnel of such attorneys;

       c.      Counsel employed in the litigation department of the RIAA who are necessary for the furtherance of this litigation and staff and supporting personnel of such attorneys;

       d.      Subject to Paragraphs 8 and 9 herein, persons who are expressly retained or sought to be retained by a party or a party's counsel as consultants or testifying experts; provided that the disclosure of "Highly Confidential" material to any persons under this subparagraph shall only be to the extent necessary to perform their work on this litigation;

       e.      Subject to Paragraph 9 herein, any other persons who are designated to receive material designated "Highly Confidential" by order of this Court after notice to the parties, or by written stipulation of the parties.

       f.      Persons of whom testimony is to be taken during a deposition or other pretrial proceeding, insofar as such persons may be examined concerning any information or material designated under this Protective Order which that person had lawfully received or

authored prior to and apart from this action, or concerning information or material produced in discovery in this matter by the party on whose behalf the person is to testify. During examination, a witness may be shown information or material designated under this Protective Order by a party which appears on its face or from other documents or testimony to have been authored by the witness or received by the witness under circumstances that do not constitute a violation of the Protective Order, as well as information or material produced in discovery in this matter by the party on whose behalf the person is testifying.

      g.    The Court and Court personnel, court reporters, interpreters and videographers employed in connection with this action.

      7.    The parties retain the right to apply to the Court for an order restricting certain individuals from access to certain information. To accomplish this, counsel for a party wishing to restrict access to information shall produce the information (*i.e.*, document or electronically stored information) to all counsel for which there is no objection, with a request that the information not be disseminated to other individuals involved in this litigation pending further order of the Court. The moving party shall, thereafter, within five (5) court days, file the information under seal with the Court and identify the person (by name and title) who the moving party objects to seeing the information and why the moving party believes the information should not be received by this person(s). If the Court is inclined to grant the order, it will notify the aggrieved party and invite briefing before issuing an order.

      8.    For the purposes of this Protective Order, a consultant or expert shall be restricted to a person who is retained or employed as a bona fide consultant or expert for purposes of this litigation, whether full or part time, by or at the direction of counsel for a party. Such consultant or expert may only be provided with Discovery Materials designated under this Order subject to compliance with Paragraph 9 herein. At such time as a party designates an expert or experts pursuant to Federal Rule of Procedure 26(a)(2), the designating party shall provide the producing party with the relevant executed Notification(s) of Protective Order if Discovery Materials subject to this Protective Order have been provided to such expert or experts. For any non-testifying consultants or expert, the executed Notification of Protective Order referenced in Paragraph 9 herein shall be held in escrow by outside counsel for the party that has retained such consultant or expert. If at any time a party that has provided Discovery Materials subject to this Protective Order in good faith believes that the Protective Order has been violated with respect

5

to, or by, a non-testifying expert or consultant retained by another party, then the party that believes there has been a violation may seek a court order directing disclosure upon a showing of good cause of any potentially relevant escrowed Notification of Protective Order.

9.      Persons retained or sought to be retained as bona fide consultants or testifying experts, any other persons who are designated to receive material designated "Confidential" or "Highly Confidential" by order of this Court after notice to the parties, or by written stipulation of the parties, shall, prior to receiving such material, be furnished with a copy of this Protective Order, and a copy of the Notification of Protective Order which the person shall read and sign (attached as Exhibit A), unless the Parties have specifically agreed that execution of the Notification of Protective Order is not necessary for such person. Counsel for the party seeking to disclose material designated under this Protective Order to any such person pursuant to this paragraph shall be responsible for permanently retaining the executed originals of all such Notifications. Copies of any such Notification executed by persons retained or sought to be retained as bona fide consultants or experts shall be provided to counsel for the other parties or affected nonparties in accordance with Paragraph 8. Copies of any such Notification executed by any other person shall be provided to counsel for the other parties or affected nonparties upon request.

10.     The recipient of any material designated under this Order shall use its best efforts, but at no time less than reasonable efforts under the circumstances, to maintain the confidentiality of such information.

11.     Any third party may obtain protection of this Protective Order by complying with Paragraphs 3 and 4 of this Protective Order regarding designating of materials under the Order. A party making a discovery request to a non-party in this action shall notify that non-party that the protections of the Protective Order are available to such non-party.

12.     Nothing contained in this Protective Order shall: (i) affect the right of any party to make any objection, claim any privilege, or otherwise contest any request for production of documents, electronically stored information, interrogatory, request for admission, subpoena, or question at a deposition or to seek further relief or protective order from the Court as permitted by the Federal Rules of Civil Procedure; (ii) constitute an admission or waiver of any claim or defense by any party; or (iii) constitute a waiver by any party of its right to object to or otherwise

contest any confidentiality designation by any party or non-party consistent with the terms of this Protective Order and the Federal Rules of Civil Procedure.

      13.    In the event that any material designated under this Protective Order is used, described, characterized, excerpted or referenced in, or attached to, any Court proceeding or submission in connection with this litigation: (i) it shall not lose its confidential status through such use; (ii) the parties shall take all steps reasonably required to protect its confidentiality during such proceeding; and (iii) the party shall be allowed and is required to file such material under seal, except that upon the default of the filing party to so request, any party may do so. Envelopes used to seal such material shall carry the notation: "SUBJECT TO PROTECTIVE ORDER – FILED UNDER SEAL" and shall comply with all requirements of the Court for filing material under seal. Envelopes so marked shall be delivered sealed to the Clerk of the Court and the contents thereof shall not be made available for public inspection. Counsel for the designating party shall have the opportunity to oppose any request for public inspection. Where possible, only confidential portions of filings with the Court shall be sought to be filed under seal. The parties shall cooperate in good faith in an effort to ascertain whether the confidentiality designations of materials filed with the Court can be waived. As soon as practicable, but in no event later than five (5) court days after filing of the document filed under seal, the filing party shall file with the Court, for its public file, a copy of the filed materials with the material designated under this Protective Order redacted.

      14.    A party receiving Discovery Materials designated under this Protective Order may object to such designation in whole or in part, by giving written notice of such objection to the producing party. Within twenty (20) court days of receiving such written notice, the producing party shall confer with the receiving party in good faith for the purpose of resolving any such objection. If the objection is not resolved after the parties confer, then any party may request a conference with the Court and/or file a motion to resolve the dispute. Pending the Court's determination, the information which is subject to dispute shall be treated as subject to the Protective Order. The burden of proving that information has been properly designated under this Protective Order is on the person or entity making the designation.

      15.    Nothing in this Protective Order shall preclude any party to this litigation or its counsel: (a) from showing a document designated under this Protective Order to an individual who either prepared or reviewed the document prior to the filing of this action; or (b) from

disclosing or using, in any lawful manner or for any lawful purpose, any information or documents from the party's own files which the party itself has designated under this Protective Order.

16. Nothing in this Protective Order shall prevent disclosure beyond the terms of this Protective Order if the party designating material consents in writing to such disclosure, or if a court orders such disclosure. A party requested to disclose material designated under this Protective Order to a non-party pursuant to a validly served subpoena, civil investigative demand, discovery procedure permitted under the Federal Rules of Civil Procedure, or other formal discovery request shall assert an initial objection to its production to the extent permitted by applicable law and notify the requesting non-party of the existence of this Protective Order and that the material requested by the non-party has been designated under this Protective Order, and shall further give notice of such request, by facsimile and next business day delivery, upon the party which designated the material within five (5) court days of receiving a formal discovery request as described above, but in all instances no later than three (3) court days prior to the date on which such confidential material is to be produced to the non-party.

17. If a party inadvertently fails to designate material and/or information, it shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. As soon as the receiving party is notified in writing of the inadvertent production, the information must be treated as if it had been timely designated under this Protective Order, and the receiving party must endeavor in good faith to obtain all copies of the document which it distributed or disclosed to persons not authorized to access such information by Paragraphs 5 or 6 herein, as well as any copies made by such persons.

18. All counsel for the parties who have access to information or material designated under this Protective Order acknowledge they are bound by this Protective Order and submit to the jurisdiction of the Court for purposes of enforcing this Protective Order.

19. Entering into, agreeing to, and/or producing or receiving information or material designated under this Protective Order, or otherwise complying with the terms of this Protective Order shall not:

  a. operate as an admission by any party that any particular information or material designated under this Protective Order contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;

  b. operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information designated under this Protective Order;

  c. prejudice in any way the rights of any party to object to the production of documents they consider not subject to discovery;

  d. prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

  e. prejudice in any way the rights of any party to seek a determination by the Court whether any information or material should be subject to the terms of this Protective Order;

  f. prejudice in any way the rights of any party to petition the Court for a further protective order relating to any purportedly confidential information;

  g. prevent the parties to this Protective Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material with written or on the record consent of the party disclosing such information.

20. This Protective Order shall not be construed to apply to any information that: (a) is available to the public other than through a breach of this Protective Order or other duty of confidentiality; (b) a receiving party can demonstrate was already known to the party at the time of disclosure and was not subject to conditions of confidentiality; or (c) a receiving party can demonstrate was developed by that party independently of any disclosure by a designating party or non-party.

21. In the event that information in the possession or control of a person or entity involves the confidentiality rights of a non-party or its disclosure would violate a protective order issued in another action, the party with possession or control of the information will promptly attempt to obtain the consent of the non-party to disclose the information under this Protective Order. If the consent of the non-party is refused or otherwise cannot be obtained, the party will

promptly thereafter notify the party seeking discovery of: (a) the existence and description (to the extent disclosable) of the information without producing such information and; (b) the identity of the non-party (provided, however, that such disclosure of the identity of the non-party does not violate any confidentiality obligations).

22. Notwithstanding the foregoing, a producing party may redact information that it believes in good faith is so highly sensitive that the protections provided for by this Protective Order are insufficient to protect legitimate business or personal privacy interests, but only to the extent that such information also is not relevant to this litigation within the meaning of the Federal Rules of Civil Procedure. This measure shall be utilized only in exceptional circumstances. If the party to whom the redacted Discovery Materials were produced objects to such redaction, that party may at any time prior to the trial of this action serve upon counsel for the producing party a written notice stating with particularity the grounds of the objection. If agreement cannot be reached promptly, either the objecting party of the producing party may make an application to the Court to obtain a ruling.

23. This Protective Order shall not apply to the treatment to be given at any hearing or trial in this litigation to Discovery Materials designated as Confidential or Highly Confidential. Such treatment shall be subject to subsequent Order of this Court.

24. Within sixty (60) calendar days after the final termination of litigation between the parties, all material designated under this Protective Order and all copies thereof (including summaries and excerpts) shall be either returned to the party that produced it or destroyed and a certification of destruction supplied to the producing party; provided, however, that for each party, counsel who is entitled access to such designated material under Paragraphs 5 or 6 may retain complete and unredacted copies of its work product that contains designated material as well as pleadings and papers filed with the Court or served on the other party. Reference to designated materials (including such materials in work product or pleadings) shall be made solely in the event of, and only in the event of, further proceedings or litigation between the parties, a dispute over such counsel's performance, a dispute over the use or dissemination of material designated under this Protective Order, or, subject to the provisions of Paragraph 16 of this Protective Order, as required by law. Such retained copies of pleadings and papers shall be maintained in a file accessible only by properly authorized counsel under the provisions of, and bound by, this Protective Order. This Protective Order shall survive the final termination of this

litigation with respect to any such retained confidential material. The Court is specifically exempted from any return or destruction requirements contemplated by this provision.

25.     Inadvertent production of any document produced in response to discovery requests in this action by any party or non-party, that a party or non-party later claims should have been withheld on grounds of a privilege, including the attorney-client privilege or work product doctrine (collectively referred to hereinafter as an "Inadvertently Produced Privileged Document") will not be deemed to waive any privilege or work product protection. A party or non-party may request the return of any document that it inadvertently produced by identifying the Inadvertently Produced Privileged Document and stating the basis for withholding such document from production. If a party or non-party requests the return, pursuant to this paragraph, of such an Inadvertently Produced Privileged Document then in the custody of one or more parties, the possessing parties shall within fifteen (15) court days destroy or return to the requesting party or non-party the Inadvertently Produced Privileged Document and all copies thereof and shall make reasonable efforts to expunge from any other document or material information solely derived from the Inadvertently Produced Privileged Document. A party may move the Court for an order compelling production of the document, but said party may not assert as a ground for the entering such an order the fact or circumstances of the inadvertent production. Nothing in this Protective Order shall preclude a party from arguing that the production of the allegedly Inadvertently Produced Privileged Document was not inadvertent or that conduct other than the alleged inadvertent production in this litigation constitutes a waiver.

26.     Unless the parties otherwise agree, any dispute concerning the application of this Protective Order shall be heard pursuant to the rules of the Court. The provisions of this Order may be modified at any time by stipulation of all parties and with the approval of the Court. In addition, a Party may apply to the Court for modification of this Order pursuant to a regularly-noticed motion.

SO STIPULATED:

Dated: _____, 2007

GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (OS-3122)
Cynthia S. Arato (CA-8350)
Tina Samanta (TS-4652)
Joshua I. Wilkenfeld (JW-2779)
200 Park Avenue, 47th Floor
New York, New York  10166-0193
Telephone:  (212) 351-4000
Facsimile:   (212) 351-4035

Andrew Tulumello
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
Telephone:  (202) 955-8500
Facsimile:   (202) 467-0539

Debra Wong Yang (admitted pro hac vice)
333 South Grand Avenue
Los Angeles, California  90071-3197
Telephone:  (213) 229-7000
Facsimile:   (213) 229-7520

By:

_____
CYNTHIA S. ARATO
*Attorneys for Plaintiffs Famous Music LLC, et al.*

Dated: _____, 2007       KRONISH LIEB WEINER & HELLMAN LLP
                              Celia Goldwag Barenholtz
                              Steven M. Cohen
                              Stephen A. Wieder
                              Shannon McKinnon
                              Benjamin H. Kleine

                              CONSTANTINE CANNON
                              Lloyd Constantine
                              Axel Bernabe
                              Seth D. Greenstein
                              Todd Anderson


                          By: _____
                              Celia Goldwag Barenholtz
                              *Attorneys for Defendant XM Satellite Radio Inc.*


IT IS SO ORDERED.

Dated: _____, 2007

                              _____
                              UNITED STATES DISTRICT JUDGE

EXHIBIT A

**NOTICE OF PROTECTIVE ORDER**

I, _____, certify that I have read the Stipulated Protective Order (the "Order") entered in ATLANTIC RECORDING CORP., et al., v. XM SATELLITE RADIO, Inc., Case No. 06-CV-3733 (DAB)(GWG), U.S. District Court for the Southern District of New York, on _____, 2007, and that I understand the terms, conditions, and restrictions it imposes on any person given access to Discovery Materials (as that term is defined in the Order). I recognize that I am bound by the terms of that Order, and I agree to comply with those terms. I will not disclose Discovery Materials to anyone other than persons specifically authorized by the Order and agree to return all such materials that come into my possession to counsel from whom I received such materials. I consent to be subject to the personal jurisdiction of the U.S. District Court for the Southern District of New York with respect to any proceedings relative to the enforcement of the Order, including any proceeding related to contempt of Court.

I declare under penalty of perjury that the foregoing is true and correct and that this Undertaking is executed this \_\_\_\_ day of _____, 200\_\_, at _____.

(Signature)
(Address)
(Phone)
(Employer/Business)
(Job Title/Description)

14