UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

---

FAMOUS MUSIC LLC, BEECHWOOD MUSIC CORP., COLGEMS-EMI MUSIC INC., EMI APRIL MUSIC INC., EMI BLACKWOOD MUSIC INC., EMI GOLD HORIZON MUSIC CORP., EMI GOLDEN TORCH MUSIC CORP., EMI INTERTRAX MUSIC INC., EMI SOSAHA MUSIC INC., EMI JEMAXAL MUSIC INC., EMI U CATALOG INC., EMI UNART CATALOG INC., EMI VIRGIN MUSIC, INC., EMI VIRGIN SONGS, INC., JOBETE MUSIC CO. INC., SCREEN GEMS-EMI MUSIC INC., WB MUSIC CORP., WARNER-TAMERLANE PUBLISHING CORP., UNICHAPPELL MUSIC, INC., SONY/ATV TUNES LLC, SONY/ATV TREE PUBLISHING, SONY/ATV CROSS KEYS PUBLISHING, SONY/ATV SONGS LLC, SONY/ATV DISCOS MUSIC PUBLISHING LLC, SONY/ATV MILENE MUSIC, SONY/ATV ACUFF ROSE MUSIC, individually and on behalf of all others similarly situated,

        Plaintiffs,

   v.

XM SATELLITE RADIO INC.,

        Defendant.

---

In re XM SATELLITE RADIO COPYRIGHT LITIGATION

---

Master Docket No. 06 Civ. 3733 (LAK)

**PLAINTIFFS' REQUEST SEEKING CONFERENCE REGARDING DEFENDANT'S DOCUMENT PRODUCTION**

Famous Music, LLC et al., plaintiffs in one of the three consolidated proceedings in the above-captioned action ("Plaintiffs"), respectfully seek a conference with the Court to address the prejudicially slow pace of defendant XM Satellite Radio, Inc.'s ("XM" or "Defendant") document production, and specifically to discuss how many documents remain to be produced, the timing of XM's production, and how we may remedy the prejudice that undoubtedly will occur to Plaintiffs due to XM's delays. Plaintiffs in the other two consolidated proceedings in the above-captioned action support this request for a status conference.

Despite the fact that we served document requests over six months ago, and that document discovery is set to end less than six weeks from now on April 1, 2008, XM has produced only 10,000 documents to date– just 1% of the over one million documents that XM has identified through search terms and custodians as potentially responsive.[1] *See* Exhibit A (Feb. 13, 2008 Letter from Peter Willsey to Cynthia Arato). Assuming XM ultimately produces anything approaching such a large quantity of documents, XM's slow pace of production will seriously prejudice Plaintiffs' prosecution of their claims. Indeed, even if XM were to produce today the approximately 990,000 outstanding documents, it would take Plaintiffs over 2,000 person-days to complete an initial review of the documents (assuming a reasonable pace of 500 documents per day). Moreover, it appears unlikely that XM can produce the bulk of its documents in the near future because XM recently informed us that (1) tens of thousands of its documents are subject to confidentiality agreements with third parties; (2) XM waited until this

---

[1] We expect that XM may seek to respond to this letter by discussing Plaintiffs' production (as opposed to the deficiencies of its own production). Plaintiffs will have completed the bulk of their hard copy document production this week. Moreover, Plaintiffs and XM just finished meeting and conferring over the search terms to be used to search for electronic documents. Finally, the total volume of Plaintiffs' production will be miniscule compared to XM's production.

month to begin to address these issues with any of these third parties; and (3) many of these third parties are objecting to XM's production of documents. Accordingly, we have serious concerns that we will receive massive quantities of documents on, or just days before, the April 1st cutoff. The fact that XM has not produced more than 1% of its documents is particularly disturbing in light of Plaintiffs' efforts to move discovery forward which XM has rebuffed. For example, the parties initially agreed that XM would make a "core" production by October 31, 2007, which the parties agreed to use to negotiate search terms for XM to use to search its electronic documents. *See* Exhibit B (Sept. 4, 2007 E-mail from Shannon McKinnon to Andrew H. Bart, et al. re: XM Core Document Production). Subsequently, XM retracted its agreement to produce its "core" documents, on the ground that such an arrangement no longer made sense in light of the Court's entry (one and one-half months earlier) of a document discovery cutoff of April 1, 2008. *See* Exhibit C (Nov. 7, 2007 E-mail from Shannon McKinnon to Tina Samanta, et al. re: XM Search Terms). Also, on November 7, 2007, XM stated that it would not produce any documents to Plaintiffs absent the entry of a protective order—even though Plaintiffs had offered to treat all of XM's documents as "Attorneys' Eyes Only—Outside Counsel Only" pending a protective order. *See* Exhibit D (Nov. 7, 2007 E-mail from Peter Willsey to Tina Samanta, et al. re: XM Search Terms). On January 7, 2008, the parties were notified of this Court's entry of a protective order. XM began producing documents nearly a month later on February 4, 2008. Although XM told us on January 31, 2008 that it would produce approximately 19,000-24,000 documents by February 8th, *see* Exhibit E (Jan. 31, 2008 E-mail from Peter Willsey to Tina Samanta, et al. re: In re XM Satellite Radio Copyright Litigation), to date we have received less than half this amount.

We do not believe that the April 1 cutoff date was intended to give XM a license to wait until the very last moment to produce massive amounts of documents. Unfortunately, that is the direction in which XM has proceeded. XM has not provided us with any estimate of the magnitude or timing of its total production and has informed us that it has completed merely a "first-tier review" of eighty to ninety percent of the over one million documents compiled through running search terms. XM also has not explained how long its second or third-tier review will take, and XM has not committed to producing any particular portion of its documents before April 1st.

Moreover, XM has not produced its lists of songs broadcast by XM, despite our requests for immediate production of those lists. Absent these lists of songs, Plaintiffs cannot amend our complaint to add additional musical compositions that XM has infringed.

We have expressed our concerns to XM repeatedly regarding the need to expedite document production and the prejudice we are suffering given the paucity of documents produced to date. In response, XM has stated only that it has been working diligently and that it intends to produce documents through and including April 1, 2008. We recognize that XM is undertaking a voluminous document production and has likely devoted considerable time and expense to its effort. However the situation remains unchanged: despite the passage of many months, XM has produced only the smallest token of its documents and Plaintiffs are in urgent need of the remainder. XM's delayed production has seriously prejudiced Plaintiffs' ability to conduct discovery in this case. In particular, Plaintiffs must be able to review XM's documents well before the April 1, 2008 document discovery cutoff so that Plaintiffs can propound any additional needed discovery identified through the documents, determine the sufficiency of XM's production, and move to compel if necessary. Plaintiffs will also need time to evaluate any

claims of privilege that XM lists on its privilege log.  Finally, Plaintiffs will need to review XM's production in time to prepare for, and finish taking, depositions by June 16, 2008.  None of this seems realistically possible under the current circumstances.  Plainly, it is taking XM substantially longer than six weeks to review the documents at issue, and it is unfair and prejudicial for XM to leave Plaintiffs with this limited period of time.

    Plaintiffs respectfully request that this Court allow the parties to appear before it at a conference to address these issues.

    Dated: February 25, 2008

GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (OS-3122)
Cynthia S. Arato (CA-8350)
Tina Samanta (TS-4652)
Joshua I. Wilkenfeld (JW-2779)
200 Park Avenue, 47th Floor
New York, New York  10166-0193
Telephone:  (212) 351-4000
Facsimile:   (212) 351-4035

Andrew Tulumello
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
Telephone:  (202) 955-8500
Facsimile:   (202) 467-0539

Debra Wong Yang (admitted pro hac vice)
333 South Grand Avenue
Los Angeles, California  90071-3197
Telephone:  (213) 229-7000
Facsimile:   (213) 229-7520

Attorneys for Plaintiffs
By:
    /s Cynthia S. Arato_____
CYNTHIA S. ARATO