# Exhibit C

**From:** McKinnon, Shannon [mailto:smckinnon@cooley.com]
**Sent:** Wednesday, November 07, 2007 5:19 PM
**To:** Samanta, Tina; Bennett, Iris E; Arato, Cynthia S.; Christopher McGrath; sdonofrio@mindspring.com; jlg@jlgraubart.com
**Cc:** Willsey, Peter; Wieder, Stephen; Hughes, Brendan
**Subject:** RE: XM -- Search Terms

Dear Tina & Chris:

Thank you for your responses to my email. The approach you have outlined involving review of core documents before the finalization of search terms was conceived of prior to the Court's Scheduling Order which set a firm deadline for all fact discovery and which essentially makes the document production process expedited. Given our current situation, such an approach is no longer workable. We need to move forward with our search and review of documents and will do so using the search term list we circulated on November 5, the terms identified in the email below, as well as any suggestions you may make before tomorrow at noon which we believe are likely to produce responsive documents. We strongly object to Chris' statement in his letter of November 6, 2007 that we are denying the plaintiffs access to discoverable documents by not accepting all of the plaintiffs' proposed terms. As we explained thoroughly at the meet and confer held on November 6, we did substantial research and testing on all of the search terms that we proposed and on the majority of the search terms that the plaintiffs proposed, all with the goal of creating a comprehensive list which will produce responsive results.

We understand that you are reserving your rights to object if after reviewing the documents we produce you think that other search terms are needed. We will be happy to consider your proposals at that time, reserving our rights, of course, to object to the terms you propose if their use is not likely to yield responsive documents.

Best,

**Shannon S. McKinnon**
Cooley Godward Kronish LLP • 1114 Avenue of the Americas
New York, NY 10036
Direct: (212) 479-6492 • Fax: (212) 479-6275
Email: smckinnon@cooley.com • www.cooley.com

---

**From:** Samanta, Tina [mailto:TSamanta@gibsondunn.com]
**Sent:** Wednesday, November 07, 2007 3:30 PM
**To:** McKinnon, Shannon; Bennett, Iris E; Arato, Cynthia S.; Christopher McGrath; sdonofrio@mindspring.com; jlg@jlgraubart.com
**Cc:** Willsey, Peter; Wieder, Stephen; Hughes, Brendan
**Subject:** RE: XM -- Search Terms

Shannon:

Certainly, we will get back to you regarding additional terms on the search list, which we discussed with you in part during our meet and confer.

We would like to clarify your statement implying that XM cannot move forward with any document production until such list is finalized. Our understanding is that our discussions regarding search terms do not impact any "core" production by XM, and moreover that we cannot come to agreement on a search term list until we receive such "core" production.

Specifically, it was XM that asked that we first review XM's "core" production before attempting to finalize any search term list and we previously agreed to this proposal. While we understand that there is still one issue regarding metadata outstanding with respect to the parties' agreement on ESI, we expect that this issue should be resolved shortly and moreover, it should not impact any "core" production of hard copy documents and email. Also, you have asked us to accept that the search terms list should be more limited than our proposed list based on representations that certain terms generate too many hits. We certainly take your representations to be in good faith, but note that this is an example of how the subject of search terms requires ongoing dialogue. Thus, as we have stated from the outset of this action, we do not agree that XM should only conduct a single search for electronic documents in this case, regardless of the circumstances.

We also recognize that the parties have not yet finalized an agreed-upon protective order, which is why we proposed by email dated October 11 that we would treat all documents produced by you as "attorneys' eyes only" while a final protective order is pending. We have received no response to this email, but to ensure that there is no confusion, we will treat all documents as restricted to outside counsel employed by Gibson, Jenner and the Nota plaintiffs' firms. This is of course without prejudice to any of the plaintiffs' positions regarding the protective order or to change the treatment of any documents produced once a final protective order is entered.

Regards,
Tina

**Tina Samanta**
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166
212.351.2469 (phone)
212.351.6268 (fax)
tsamanta@gibsondunn.com

---

**From:** McKinnon, Shannon [mailto:smckinnon@cooley.com]
**Sent:** Tuesday, November 06, 2007 2:52 PM
**To:** Bennett, Iris E; Samanta, Tina; Arato, Cynthia S.; Christopher McGrath; sdonofrio@mindspring.com; jlg@jlgraubart.com
**Cc:** Willsey, Peter; Wieder, Stephen; Hughes, Brendan
**Subject:** XM -- Search Terms

Dear Counsel:

As we mentioned during our meet and confer today, we are attempting to finalize our search term list as quickly as possible in order to move forward with our review and production. In addition to the search terms which we circulated on November 5, 2007, we will add three additional terms which relate to a code name for the devices. These terms are:

2

Player w/3 digital
Player w/3 audio
Player w/3 MP3

In the interest of progressing on this issue, we ask that you please identify any additional search terms which you think should be included on the search term list by 12pm on November 8, 2007 and we will consider them. Thank you.

Best,

**Shannon S. McKinnon**
Cooley Godward Kronish LLP • 1114 Avenue of the Americas
New York, NY 10036
Direct: (212) 479-6492 • Fax: (212) 479-6275
Email: smckinnon@cooley.com • www.cooley.com

```
This email message is for the sole use of the intended recipient(s) and may
contain confidential and privileged information.  Any unauthorized review,
use, disclosure or distribution is prohibited.  If you are not the intended
recipient, please contact the sender by reply email and destroy all copies of
the original message.  If you are the intended recipient, please be advised
that the content of this message is subject to access, review and disclosure
by the sender's Email System Administrator.

IRS Circular 230 disclosure:  To ensure compliance with requirements imposed
by the IRS, we inform you that any U.S. federal tax advice contained in this
communication (including any attachment) is not intended or written by us to
be used, and cannot be used, (i) by any taxpayer for the purpose of avoiding
tax penalties under the Internal Revenue Code or (ii) for promoting,
marketing or recommending to another party any transaction or matter
addressed herein.
```

================================================================
==========

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.
================================================================
==========

```
This email message is for the sole use of the intended recipient(s) and may
contain confidential and privileged information.  Any unauthorized review,
use, disclosure or distribution is prohibited.  If you are not the intended
recipient, please contact the sender by reply email and destroy all copies of
the original message.  If you are the intended recipient, please be advised
that the content of this message is subject to access, review and disclosure
by the sender's Email System Administrator.

IRS Circular 230 disclosure:  To ensure compliance with requirements imposed
by the IRS, we inform you that any U.S. federal tax advice contained in this
communication (including any attachment) is not intended or written by us to
be used, and cannot be used, (i) by any taxpayer for the purpose of avoiding
```

3

tax penalties under the Internal Revenue Code or (ii) for promoting, marketing or recommending to another party any transaction or matter addressed herein.