

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re XM SATELLITE COPYRIGHT
LITIGATION

This Document Relates to: All Cases

---------------------------------------------------------X

06 CV 3733 (LAK)

### ORDER CONCERNING PRODUCTION OF INFORMATION RELATING TO IDENTITY OF XM'S SUBSCRIBERS

WHEREAS on March 12, 2008, plaintiffs in the *Famous Music* Action (the "Famous Music Plaintiffs") moved to compel defendant XM Satellite Radio, Inc. ("XM") to provide responses to plaintiff WB's First and Second Sets of Interrogatories seeking the identification of XM subscribers who have certain XM recording devices (the "Motion"); and

WHEREAS on March 14, 2008, XM filed its opposition to the Motion; and

WHEREAS on March 19, 2008, the Court heard argument on the Motion; and

WHEREAS at the conclusion of the argument, the Court denied the motion without prejudice and directed the parties to further meet and confer in an attempt to resolve their dispute; and

WHEREAS paragraph 21 of the Protective Order in this consolidated litigation dated December 17, 2007, provides, in relevant part, that: "Entering into . . . this Protective Order . . . shall not . . . (f) prejudice in any way the rights of any party to petition the Court for a further protective order relating to any purportedly confidential information";

IT IS HEREBY ORDERED:

1.  XM shall provide responses to plaintiff WB's First and Second Sets of Interrogatories seeking the identification of XM subscribers who have activated one of the following XM devices to receive XM's satellite radio transmissions: (a) inno; (b) neXus;

(c) Helix; (d) SkyFi3; (e) MyFi; (f) Tao; (g) Airware and (h) XpressRC ("XM Subscribers") on the terms and conditions set forth below, which terms and conditions shall govern the production and use of the information in question in all three of these consolidated cases.

2. XM will provide the information contained in the fields in the customer data base maintained by XM (to the extent such information has been collected for a particular XM Subscriber) (the "Customer Data") with the exception of information concerning the payment method and billing period. Among the information provided will be: (a) name; (b) street address; (c) phone number(s) and (d) e-mail address(es) (the "Customer Identification Information"). XM's agreement to produce these fields of information shall not constitute a representation as to the extent to which information in a particular field exists in the database.

3. The Customer Data shall be disclosed only to persons retained by either: (a) the plaintiffs in any of the three consolidated cases or (b) counsel for any of the plaintiffs (the "Experts") and shall be designated as "Experts' Eyes Only" information. The Customer Data shall not be disclosed to plaintiffs or counsel for the plaintiffs, except that: (a) summary information of non-Customer Identification Information for all XM Subscribers and (b) non-Customer Identification Information for any XM Subscriber who participates in any surveys or analyses may be disclosed to outside counsel for Plaintiffs.

4. Prior to receiving the Customer Data, each Expert shall be furnished with a copy of the Protective Order and this Order, and shall read and sign a Notification of Protective Order in the form annexed as Exhibit A hereto. The retention and disclosure of this Notification shall be governed by paragraph 10 of the Protective Order.

5. The Customer Data will only be used in connection with surveys or analyses conducted by the Experts in connection with this action.

6. The Experts shall not disparage XM or the XM service to an XM subscriber or to any other party in connection with conducting their surveys.

7. The Customer Data shall be made available to the Experts on a secure website. With respect to each of the three cases, the Experts in any one case shall collectively be entitled to copy the Customer Identification Information for up to 30,000 XM subscribers in connection with the surveys they conduct in connection with this action (the "Selected Customer Identification Information"). After the Experts in a particular case have copied the Selected Customer Identification Information, access to additional Customer Identification Information will be terminated with respect the Experts in that case.

8. If the Experts in any of the three cases determine that they need Customer Identification Information (and related Customer Data) for additional XM Subscribers (beyond the information permitted in paragraph 7), counsel for the plaintiffs will communicate that request to counsel for XM. If the parties cannot agree as to the disposition of this request, they shall promptly bring their disagreement to the Court and seek the Court's assistance in resolving their disagreement.

9. Plaintiffs shall not use the Customer Data or any other information obtained in connection with the surveys conducted by their Experts to sue (or threaten to sue) for copyright infringement or for any other violation of law relating to the use of the inno, neXus, Helix, SkyFi3, MyFi, Tao, Airware and XpressRC, any of the XM Subscribers who participated in the surveys.

10. Upon the final termination of the litigation, all of the Customer Data that the Experts received pursuant to this Stipulation and Order shall be returned to XM or destroyed pursuant to Paragraph 26 of the Protective Order.

11    Should plaintiffs determine that they require access to the Customer Data in connection with additional discovery in this action (*e.g.*, depositions), the parties shall meet and confer regarding this issue. If the parties cannot agree as to the disposition of this issue, they shall promptly bring their disagreement to the Court and seek the Court's assistance in resolving their disagreement.

Dated:    April __, 2008

                                                    Lewis A. Kaplan
                                                  United States District Judge

**EXHIBIT A**
**NOTICE OF PROTECTIVE ORDER**

I, _____, certify that I have read the Stipulated Protective Order (the "Order") in In re XM SATELLITE COPYRIGHT LITIGATION, Master Docket No. 06-CV-3733 (LAK), U.S. District Court for the Southern District of New York, dated December 17, 2007 (the "December 17 Order"), and the Order Concerning Production Of Information Relating To Identity Of XM's Subscribers, dated_____, 2008 (collectively, the "Orders"), and that I understand the terms, conditions, and restrictions they impose on any person given access to Discovery Materials (as that term is defined in the December 17 Order). I recognize that I am bound by the terms of the Orders, and I agree to comply with those terms. I will not disclose Discovery Materials to anyone other than persons specifically authorized by the Orders and agree to return all such materials that come into my possession to counsel from whom I received such materials. I consent to be subject to the personal jurisdiction of the U.S. District Court for the Southern District of New York with respect to any proceedings relative to the enforcement of the Order, including any proceeding related to contempt of Court.

I declare under penalty of perjury that the foregoing is true and correct and that this Undertaking is executed this ____ day of _____, 200__, at _____. _____.


(Signature)
(Address)
(Phone)
(Employer/Business)
(Job Title/Description)

5